UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM THOMAS ) | |
| HENDRICKS JR., *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.: 3:05-CV-377 |
| ) | (VARLAN/SHIRLEY) |
| GOVERNOR'S TASKFORCE FOR ) | |
| MARIJUNA ERADICATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff William Hendricks Jr. alleges that defendants, which are individuals and agencies involved in law enforcement activities, violated his civil rights during an incident on August 3, 2004. On that date, plaintiff alleges certain defendants trespassed onto his property in Roane County, Tennessee, and when he confronted them and ordered them to leave, they shot, battered and falsely arrested him. Plaintiff alleges defendants are liable for false arrest, battery (use of excessive force), false imprisonment, conspiracy, illegal search and seizure, criminal trespass, and harassment.

This civil action is now before the Court for consideration of two motions to dismiss [Docs. 6, 9] filed by defendants Poore, Rodriguez and Sullivan in their official capacities, and defendants Tennessee Alcoholic Beverages Commission, Governor's Taskforce for Marijuana Eradication, Tennessee National Guard, and Tennessee Bureau of Investigation (collectively "Tennessee Law Enforcement Agencies").

The Court has original jurisdiction over plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1343. Plaintiff's state law claims of false arrest, battery, false imprisonment, criminal trespass, and harassment are before the Court pursuant to supplemental jurisdiction according to 28 U.S.C. § 1367.

In the instant motion, the moving defendants argue that plaintiff has failed to state a claim for which relief may be granted, because they are not persons subject to suit pursuant to § 1983. In addition, it is argued that the Eleventh Amendment bars suit against the moving defendants. Plaintiff has not responded to defendants' motions. *See* E.D.TN. LR 7.1(a), 7.2. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." LR 7.2. Nevertheless, the Court will consider the merits of defendants' motions.

For the reasons discussed herein, the motion to dismiss all claims against the individual defendants, in their official capacities, and the agency defendants will be granted. Accordingly, all claims against the Tennessee Law Enforcement Agencies will be dismissed, and those agencies will be dismissed from further proceedings in this case. Furthermore, all claims against defendants Poore, Rodriguez and Sullivan in their official capacities will be dismissed, but plaintiff's claims against those same defendants in their individual capacities will not be dismissed.

**I.      Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**II.     Relevant Facts**[1]

On August 3, 2004, plaintiff took his dog out of his house onto his property when the dog began barking. Plaintiff, believing that the dog was barking at a pack of wild dogs that plaintiff had been having problems with, went inside and retrieved a .22-caliber rifle with a scope to scare the trespassing dogs. When plaintiff went back outside, he noticed vehicles

---

[1] The facts recited herein are based upon plaintiff's complaint [Doc. 1], and are construed in the light most favorable to plaintiff. *See Trzebuckowski*, 319 F.3d at 855.

3

moving down his driveway to leave his property. Plaintiff took his dog inside, then went out behind his house toward his tractor shed, where he saw the vehicles stopped.

Plaintiff saw three pickup trucks, one of which was obscured by his shed. Two of the trucks were unmarked. The partially obscured truck and one of the other trucks were hauling trailers with all-terrain vehicles. Around this time, plaintiff had been having a dispute with a neighbor, who would trespass onto plaintiff's property with all-terrain vehicles and weapons.

Plaintiff remained some distance away and observed the men in his shed for about ten minutes. At that point, plaintiff fired four shots into the air. When the men did not leave, plaintiff walked toward the men with his rifle. Plaintiff saw four men in camouflage with pistols. These men did not have law enforcement insignias on their clothes. As plaintiff approached, one of the men stated that they were with law enforcement, but plaintiff did not believe him.

Plaintiff told the men they were trespassing and asked them to leave his property. Plaintiff went to his son David's front porch to watch the men leave. At this point, plaintiff noticed that the obscured truck had Tennessee Valley Authority markings on it. Plaintiff put his rifle down on his son's front porch. Plaintiff walked toward the steps down from his son's porch when he was fired upon by defendant Rodriguez. Defendant Poore yelled to the other men to get plaintiff. As plaintiff moved towards the men, he was tackled by defendant Capps. While on the ground, defendant Rodriguez kicked plaintiff in the head.

4

Plaintiff's other son, Kenneth Russell DeVault, heard the shot fired and came outside. He asked the men what was going on, and the men responded that they were law enforcement agents. Mr. DeVault repeatedly asked for some identification, but the men did not show any and threatened to arrest him.

**III. Discussion**

    A.    <u>Tennessee Law Enforcement Agencies</u>

        1.    *42 U.S.C. § 1983*

Federal statute authorizes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Such a claim may be brought against "every person" acting under the color of law to cause the deprivation. *Id*. The term "person" is not defined by the statute, but the Supreme Court has held that "person" does not include states or state agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In the present case, plaintiff has brought a § 1983 claim against the defendant Tennessee Law Enforcement Agencies, which are agencies of the State of Tennessee. Such a claim is not authorized by the statute, however, because defendant State of Tennessee is not a "person" within the meaning of § 1983. *See id.* Accordingly, plaintiff's § 1983 claims against defendants the Tennessee Law Enforcement Agencies will be dismissed.

2.   *Eleventh Amendment*

In addition to his § 1983 claims, however, plaintiff has also alleged state law claims against the Tennessee Law Enforcement Agencies. "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. As originally drafted, the scope of the Amendment was limited to only those suits brought against a state by out-of-state or foreign citizens. The Supreme Court expanded application of the Amendment to preclude suits brought by both in-state and out-of-state citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). Under current law, the Amendment bars federal court jurisdiction whenever any private citizen attempts to sue a state, regardless whether the citizen seeks legal or equitable relief, unless Congress expressly abrogates immunity or the state waives its immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted). *See also Hoffman v. Conn. Dep't of Income Maint.*, 492 U.S. 96 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Lawson v. Shelby County, Tenn.*, 211 F.3d 331 (6th Cir. 2000).

For purposes of the Eleventh Amendment, a state agency is the same as a state. *Halderman*, 465 U.S. at 99-101; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Accordingly, suits for money damages against a state agency are also barred, unless Congress expressly abrogates immunity or the state waives the agency's immunity. *See Hoffman*, 492 U.S. 96; *Halderman*, 465 U.S. 89; *Pugh*, 438 U.S. at 782; *Lawson*, 211 F.3d 331.

In the present case, there is no evidence that the agency defendants have consented to suit for the state law claims plaintiff has asserted. Accordingly, plaintiff's state law claims against defendants TABC, GTME, TNG, and TBI will be dismissed. There being no other claims against those agency defendants, they will be dismissed from this case.

B. <u>Defendants Poore, Rodriguez and Sullivan In Their Official Capacities</u>

As discussed above, 42 U.S.C. § 1983 authorizes a cause of action against "every person" acting under color of law for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." § 1983. Although a state official is literally a person, the term "person," as it is used in § 1983, does not include state officials who are sued in their official capacity, because such a suit is no different than a suit against the state itself, which is not permitted. *Will v. Mich. Dept. of State Police*, 491 U.S. at 71. *See also Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). Similarly, federal and state claims against state officials in their official capacities that seek legal relief are barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Pennhurst*, 465 U.S. at 103-06; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Therefore, in the present case any claims against defendants Poore, Rodriguez and Sullivan in their official capacities will be dismissed, but those claims brought against them in their individual capacities, as alleged in plaintiff's complaint [Doc. 1], will not be dismissed.

7

## IV. Conclusion

For the foregoing reasons, the defendants' motions will be granted. All claims against the Tennessee Law Enforcement Agencies will be dismissed, and those agencies will be dismissed from further proceedings in this case. All claims against defendants Poore, Rodriguez and Sullivan in their official capacities will be dismissed, but plaintiff's claims against those same defendants in their individual capacities will not be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE