UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| WILLIAM THOMAS HENDRICKS JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | NO.: | 3:05-CV-377 |
| | ) | | (VARLAN/SHIRLEY) |
| GOVERNOR'S TASKFORCE FOR | ) | | |
| MARIJUANA ERADICATION, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff William Hendricks Jr. alleges that defendants, individuals and agencies involved in law enforcement activities, violated his civil rights during an incident on August 3, 2004. On that date, plaintiff alleges certain defendants trespassed onto his property in Roane County, Tennessee, and when he confronted them and ordered them to leave, they shot, battered, and falsely arrested him. Plaintiff alleges defendants are liable for false arrest, use of excessive force, false imprisonment, conspiracy, illegal search and seizure, criminal trespass, and harassment.

This civil action is before the Court on Tennessee Valley Authority's and Robert Klyce's Motion for Summary Judgment [Doc. 53]. Plaintiff has responded in opposition [Doc. 56]. The Court has carefully considered the pending motion for summary judgment and plaintiff's response in light of the record as a whole and the applicable law. For the reasons set forth herein, Tennessee Valley Authority's and Robert Klyce's Motion for Summary Judgment [Doc. 53] will be granted.

## I. Relevant Facts

As the Court is required to do in reviewing a motion for summary judgment, all facts will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On August 3, 2004, plaintiff let his dog out of his home, at which point the dog began barking. Believing that the dog was barking at a pack of wild dogs with which plaintiff had been having "problems," [Doc. 1], plaintiff went back inside his home and retrieved a .22-caliber rifle with a scope in order to scare the trespassing dogs. When plaintiff returned outside, he noticed vehicles moving down his driveway, appearing to be leaving his property. Plaintiff took his dog inside, then proceeded to go behind his house toward his tractor shed, where he saw the vehicles stopped. [*Id.*]

At this point, plaintiff observed three trucks, two of which were unmarked and one of which was partially obscured by his tractor shed hiding any marking. [*Id.*] Plaintiff then approached the area where the trucks were parked and claims to have heard voices talking and seen people in his tractor shed. [*Id.* at 5.] After watching these individuals for approximately ten minutes, plaintiff fired four shots into the air. According to plaintiff, he did this so that these individuals would know he "was also armed and was aware of their presence." [*Id.*] Plaintiff then proceeded to walk toward the men with his rifle across his arms. [*Id.*] As he got closer to the tractor shed, plaintiff saw four men in camouflage with pistols. Plaintiff claims that these men did not have law enforcement insignias on their

clothes. As plaintiff approached, one of the men stated that they were with law enforcement, but plaintiff did not believe him. [*Id.*]

Plaintiff states that he informed the men they were trespassing and asked them to leave his property. Plaintiff then walked over to porch of his son's mobile home in order to watch the men leave. At this point, plaintiff noticed that the truck which had been previously obscured had Tennessee Valley Authority markings on it, which prompted him to put down his rifle. [*Id.*] Plaintiff then walked toward the edge of the porch and down the steps, at which point plaintiff states he was fired upon by former defendant Rodriguez, a member of the Governor's Task Force on Marijuana Eradication. Plaintiff also claims that former defendant Poore, also a member of the Governor's Task Force on Marijuana Eradication, then yelled to the other men to get plaintiff. [*Id.*] As plaintiff moved closer to the men, he claims that he was tackled by Officer Capps and Sergeant Klyce. [*Id.*] While on the ground, former defendant Rodriguez allegedly kicked plaintiff in the head. Shortly thereafter, plaintiff was taken to jail by former defendant French, a chief deputy with the Roane County Sheriff's Department. [*Id.*]

On August 18, 2004, plaintiff was charged in a two-count indictment for the conduct arising out of the above-described August 3, 2004 incident. [*United States v. Hendricks*, Case. No. 3:04-CR-119, Doc. 1.] Specifically, plaintiff was charged with using a firearm to "forcibly assault, oppose, impede, intimidate, and interfere with an officer and employee of the United States" and using a firearm "during and in relation to a crime of violence." [*Id.*] Plaintiff was found guilty on both counts by a jury verdict on May 31, 2006 [*Id.* at Doc. 52],

and was sentenced to a term of imprisonment of 122 months. [*Id.* at Doc. 64.] TVA and Sergeant Klyce are the only defendants remaining in this case as all other defendants have been dismissed by previous orders of the Court.[1]

II.     **Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue

---

[1]The claims asserted by plaintiff against defendants Poore, Rodriguez, and Sullivan in their official capacities were dismissed by order of the Court [Doc. 32] on June 7, 2006; the claims against defendant the Bureau of Alcohol, Tobacco and Firearms were dismissed by order of the Court [Doc. 43] on July 25, 2006; and the federal claims against defendants Roane County, TN, French, Capps, Poore, Rodriguez, and Sullivan; all claims against defendant Roane County Sheriff's Department; plaintiff's claim of conspiracy; and plaintiff's state law claims of false imprisonment, criminal trespass, and harassment were dismissed by order of the Court [Doc. 52] on March 7, 2007.

4

must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III. Analysis

#### A. Plaintiff Cannot Maintain a § 1983 Claim Against a Federal Agency or a Federal Officer

Plaintiff's claims against TVA and Sergeant Klyce are based solely upon 42 U.S.C. § 1983. [Doc. 1 at 2.] To prevail on a § 1983 claim, a plaintiff "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001)). Section 1983 does not create rights but "merely provides remedies for deprivations of rights established elsewhere." *Radvansky*, 395 F.3d at 302 (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)). A plaintiff in a § 1983 case is required to identify which substantive

constitutional or federal rights he is claiming were violated. *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 971 (6th Cir. 2004) (citing *Spadafore v. Gardner*, 330 F.3d 849, 852-53 (6th Cir. 2003).

Plaintiff asserts claims against the defendants for false arrest, use of excessive force, false imprisonment, conspiracy, illegal search and seizure, criminal trespass, and harassment, but fails to specify which defendants committed which offenses and which substantive constitutional rights defendants violated in committing the named offenses. [Doc. 51 at 6-7.] However, giving significant leeway to the *pro se* plaintiff, the Court will assume that plaintiff's claims for false arrest, excessive force, and illegal search and seizure are brought under the Fourth Amendment against defendants TVA and Klyce.

Because § 1983 only applies to a person acting under the color of state law, the federal government and its officials are not subject to a § 1983 suit. *Hindnes v. Fed. Deposit Ins. Corp.*, 137 F.3d 148, 158 (3d Cir. 1998) (citing *Dist. of Columbia v. Carter*, 409 U.S. 418, 425 (1973); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988); *Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987). TVA is a federal agency and therefore not subject to a § 1983 suit as it is not a state actor. *See* 16 U.S.C. § 831r (2006) (stating that TVA is "an instrumentality and agency of the Government of the United States for the purpose of executing its constitutional powers"); *see also Quality Tech. Co. v. Stone & Webster Eng'g Co., Inc.*, 745 F. Supp. 1331, 1339 (E.D. Tenn. 1989), *aff'd*, 909 F.2d 1484 (6th Cir. 1990). Additionally, TVA is not a "person" for the purposes of § 1983. *See*

*Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970)) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983.").

Sergeant Klyce is a TVA law enforcement officer. TVA police officers are granted their authority under 16 U.S.C. § 831c-3, a federal statute. As a federal officer, defendant Klyce was not acting under the color of state law and therefore, he cannot be sued under § 1983. The Court concludes that the § 1983 claims against TVA and Sergeant Klyce cannot be maintained.

> B. <u>Plaintiff Cannot Maintain a *Bivens* Action Against Defendants TVA or Sergeant Klyce in His Official Capacity</u>

While plaintiff's complaint only lists 42 U.S.C. § 1983 as grounds for his cause of action against the defendants, the Court will construe the complaint liberally as is required for a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standards). Because a *Bivens* action against a federal officer is the federal equivalent to a § 1983 action, the Court will construe *pro se* plaintiff's complaint as alleging a *Bivens* claim against the federal defendants. *See Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (citing *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996)) (noting that "§ 1983 and *Bivens* actions [are] identical except for the requirement of a state actor under § 1983 and [a] federal actor under *Bivens*.").

A *Bivens* claim is an allegation of a federal constitutional violation by federal officers, and thus is available when a § 1983 claim is not. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held

that plaintiff could receive money damages from a federal officer for injuries he suffered as a result of alleged violations of the Fourth Amendment. 403 U.S. at 395-97. The Supreme Court expressly declined to extend *Bivens*'s coverage to actions against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Additionally, a *Bivens* claim cannot be maintained against a federal officer in his official capacity. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). As discussed above, TVA is a federal agency and Sergeant Klyce is a federal officer. Therefore, plaintiff's *Bivens* claim against TVA and Sergeant Klyce in his official capacity cannot be maintained.

   C. <u>Plaintiff Cannot Maintain a Suit Against Defendant Sergeant Klyce in His Individual Capacity</u>

Plaintiff's only allegation against Sergeant Klyce is that he, along with Officer Capps, "unnecessarily tackled and brought [plaintiff] to the ground." [Doc. 1 at 3-4.] Plaintiff claims this constituted excessive use of force. [*Id.*] While plaintiff may be able to maintain a *Bivens* action against Sergeant Klyce in his individual capacity, he still must overcome Klyce's qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 203 (2001). Qualified immunity shields federal officers performing discretionary functions from civil liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are two inquiries the Court must consider in determining if a plaintiff can overcome a federal officer's qualified immunity: (1) "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right," and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*,

533 U.S. at 201-02; *see also Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 438 (2006) (citations omitted).

Sergeant Klyce's actions did not violate plaintiff's constitutional right to be free from excessive force, the only claim against this defendant. All claims that law enforcement officers have used excessive force are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). A court must evaluate the use of force from the perspective of a reasonable officer on the scene, under the totality of the circumstances, and according a measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances at hand in a particular case. *Graham*, 490 U.S. at 396-97. In making this determination, the court considers the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004); *Burchett v. Keifer*, 310 F.3d 937, 944 (6th Cir. 2003).

Assuming the truth of plaintiff's allegations for the purpose of this motion for summary judgment, the Court finds that Sergeant Klyce's alleged tackling of plaintiff was not unreasonable so as to violate plaintiff's civil rights. In his complaint, plaintiff claims that he was "unnecessarily tackled and brought to the ground by two men (Bob Klyce and another man whom I believe to have been Michael Capps, I would recognize him if I saw him again) . . . ." [Doc. 1 at 3-4.] That is the sum total of plaintiff's allegations against Sergeant Klyce. Plaintiff admits that he had previously fired four shots into the air in order to let them know

9

"I was also armed and was aware of their presence" and then approached the law enforcement officers with his rifle in his hand. [Doc. 1 at 5.] Such behavior on the part of plaintiff invariably created an apparent threat to the safety of the officers present, thereby making it entirely reasonable for Sergeant Klyce to have engaged in the relatively minimal measures of tackling plaintiff when he began moving towards the officers as they attempted to arrest him. *See Darrah v. City of Oak Park*, 225 F.3d 301, 307 (6th Cir. 2001). Furthermore, Plaintiff does not allege that he was injured in any way by Sergeant Klyce's tackling, thus strongly suggesting that the tackling did not rise to the level of excessive force. *See Lyons v. City of Xenia*, 417 F.3d 565, 578 (6th Cir. 2005) (finding that the law enforcement officer's tackling of the plaintiff did not constitute excessive force because "it did not result in anything approaching a serious physical injury."). Thus, plaintiff has not established that a constitutional violation occurred as a result of Sergeant Klyce tackling him and Sergeant Klyce is therefore entitled to qualified immunity for his actions.

Even assuming that Sergeant Klyce's actions violated plaintiff's constitutional rights as the *Saucier* court did, turning to the second step of the qualified immunity inquiry, it would not have been clear to a reasonable officer that his conduct was unlawful. If the circumstances "disclose substantial grounds for the officer to have concluded he had legitimate justification under the law for acting as he did," he is immune from suit. *Saucier*, 533 U.S. at 208. Based on plaintiff's discharge of a gun prior to his approach of the officers, a reasonable officer could conclude that the safety of the officers was at risk, thereby providing substantial grounds for Sergeant Klyce to have tackled plaintiff when he began

moving towards the officers. Thus, plaintiff has not established that a reasonable officer would have perceived Sergeant Klyce actions to be unlawful and Sergeant Klyce is therefore entitled to qualified immunity. As a result of Sergeant Klyce's qualified immunity, plaintiff cannot maintain a *Bivens* action against him in his individual capacity.

**IV.     Conclusion**

For the reasons set forth herein, Tennessee Valley Authority's and Robert Klyce's Motion for Summary Judgment [Doc. 53] is hereby **GRANTED**. Accordingly, all claims against TVA and Sergeant Klyce are **DISMISSED with prejudice**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE